M. P. SIMMONS *v.* WESLEY PHELPS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—417.]

**Assignment for Benefit of Creditors.**

> A creditor who does not file his claim with the assignee, holding property for the benefit of creditors, but who relies upon the homestead alone for the payment of his debt, can not participate in a distribution to creditors by such assignee. He might have filed his claim and thus received his pro rata share and still have attacked the homestead for the balance of his claim where the claim existed prior to the passage of the homestead act.

APPEAL FROM BULLITT CIRCUIT COURT.

November 3, 1883.

OPINION BY JUDGE PRYOR:

The objection to the judgment below is this: the appellant, the debtor, had made an assignment for creditors. This passed his entire estate except such as was exempt from execution. These creditors, appellees, declined to accept the provisions of the assignment for creditors generally and saw proper to look to the homestead alone for the payment of their debts. If they did not decline they must have received their pro rata portion of the estate that was sold and

not exempt; we learn, however, from the brief of their counsel that they did not present their claims. If they had presented their claims the chancellor would have distributed the fund arising from the sale of the property not exempt from execution equally between the cred-. itors, and then for the balance due the creditors, whose claims ante-dated the homestead act, the same would have been subjected to discharge. This is the doctrine settled by this court in the case of *Webster v. Bronston,* 5 Bush (Ky.) 521, and *Shanklin v. Harshfield,* 9 Ky. Opin. 469.

The judgment is therefore *reversed* and cause remanded with directions to ascertain what the pro rata would have been of these creditors in the fund arising from the sale of the unexempted property; and deducting that sum from the debts of the appellees, the balance remaining will be satisfied by the sale of the homestead.

*R. J. Meyler, for appellant.*

*F. P. Strauss, for appellees.*